IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ERIC STUEDEMANN,
an individual,

    Plaintiff,

v.

Case #: 11-4170-CI-11

NCO FINANCIAL SYSTEMS, INC.,
a foreign profit corporation,

    Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, ERIC STUEDEMANN ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, NCO FINANCIAL SYSTEMS, INC. ("Defendant"), and alleges:

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter the "FCCPA"), the Telephone Communication Protection Act, 47 U.S.C. 227 (hereinafter the "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. 1692a, et. seq. (hereinafter the "FDCPA").

## JURISDICTION AND VENUE

1. This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute § 559.77 and 15 U.S.C. §1692k(d).

3. At all material times herein, the conduct of the Defendant, complained of below, occurred in Pinellas County, Florida.

4. At all times herein, the Plaintiff is an individual residing in Pinellas County, Florida.

5. Defendant is a foreign profit corporation existing under the laws of the State of Pennsylvania that, itself and through its subsidiaries, regularly collects the debts owed by consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all times herein, Defendant is construed as a "debt collector" as defined by 15 U.S.C. 1692a(6), and Florida Statute §559.55(6).

7. Specifically, Defendant attempts to collect a debt from Plaintiff that was incurred by an individual other than Plaintiff ("the Alleged Debt").

8. At all times herein, Defendant was a "person" as defined by the FCCPA, Florida Statute §559.72.

9. At all times herein, the Defendants conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute §559.55 and 15 U.S.C. 1692a(2).

10. At all times herein, Plaintiff's cellular telephone number is 727.320.7870.

11. On or about October 22, 2010, at approximately 1:04 p.m. ET, Defendant called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. The call was placed using an automatic dialing system from telephone number 877.517.1978.

12. On or about October 22, 2010, at approximately 3:38 p.m. ET, Defendant called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. The call was placed using an automatic dialing system from telephone number 800.448.9570.

13. On or about October 28, 2010, at approximately 3:41 p.m. ET, Defendant called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. The call was placed using an automatic dialing system from telephone number 877.517.1978.

14. On or about November 1, 2010, at approximately 8:57 a.m. ET, Defendant called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. The call was placed using an automatic dialing system from telephone number 877.517.1978.

15. On or about November 3, 2010, at approximately 4:55 p.m. ET, Defendant called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. The call was placed using an automatic dialing system from telephone number 800.448.9570.

16. On or about November 3, 2010, at approximately 6:24 p.m. ET, Defendant called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. The call was placed using an automatic dialing system from telephone number 877.517.1978.

17. On or about November 10, 2010, at approximately 1:38 p.m. ET, Defendant called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. The call was placed using an automatic dialing system from telephone number 877.517.1978.

18. On or about November 11, 2010 Plaintiff retained Leavengood, Nash, Dauval, & Boyle, P.A. ("Undersigned Counsel") to represent him with regard to Defendant's attempts to collect the Alleged Debt.

19. On or about November 11, 2010, at approximately 1:03 p.m. ET, Undersigned Counsel faxed to Defendant a notice of representation and letter disputing the validity of the Alleged Debt and demanding that all communications with Plaintiff cease (hereinafter "Cease and Desist Letter"). Please see attached a true and correct copy of the fax and confirmation sheet labeled as Exhibits "A1-A3."

20. Despite having actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Alleged Debt, on or about November 12, 2010, at approximately 8:08 a.m. ET, Defendant called Plaintiff in an attempt to collect the Alleged Debt. The call was placed to Plaintiff's cellular telephone using an automatic dialing system from telephone number from 877.517.1978

21. On or about November 15, 2010, Defendant sent a letter to Undersigned Counsel's office indicating they "have been unable to locate the matter" connected to Plaintiff's cellular telephone number as was provided in the November 11, 2010 letter from Undersigned Counsel to Defendant. Please see attached a true and correct copy of Defendant's letter labeled as Exhibit "B."

22. Despite having actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Alleged Debt, on or about November 30, 2010, at approximately 4:24 p.m. ET, Defendant's representative "Ashley" called Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. Ashley told Plaintiff that she was looking for "Herman Weber." Plaintiff told Ashley that there was no Herman Weber at his number. Ashley told Plaintiff that his number would be deleted from their system. The call was placed using an automatic dialing system from telephone number 800.448.9570.

23. Despite having actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Alleged Debt, on or about December 17, 2010, at approximately 2:24 p.m. ET, Defendant called Plaintiff in an attempt to collect the Alleged Debt. The call to Plaintiff's cellular telephone was placed using an automatic dialing system from telephone number 800.448.9570.

24. The Plaintiff has retained Leavengood & Nash, P.A. for the purpose of

pursuing this matter against the Defendant and is obligated to pay her attorneys a reasonable fee for their services.

25. Florida Statute Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

26. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of $1,000.00 statutory damages, actual damages, and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

27. United States Code Title 47 Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

28. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

29. At all times herein, Defendant had knowledge of the TCPA and its terms and prohibitions as Defendant has previously been sued for violations of the TCPA. See Bellows v. NCO Financial Systems, Inc., Case No. 3:07-cv-01115-JAH-RBB (S.D.Cal., June 19, 2007).

30. At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

31. At all times herein, Defendant did not have Plaintiff's prior express

consent to use an automatic dialing system or artificial or a pre-recorded voice when calling Plaintiff's cellular phone. To the extent Defendant tried to claim it did have prior express consent to use an automatic dialing system or a pre-recorded voice to call Plaintiff's cellular phone, such purported consent was revoked by the Cease & Desist Letter.

32. Plaintiff has sustained actual damages as a direct result of Defendant's actions, as alleged above, including but not limited to, loss of cellular telephone service and minutes, charges for opening a new cellular telephone service and acquiring a new cellular telephone and number as a result of Defendant's repeated Alleged Debt collection calls using an automatic dialing system to Plaintiff's cellular telephone.

33. Upon information and belief, based upon the aforementioned allegations, Plaintiff believes that Defendant telephone calls made to Plaintiff's cellular telephone using an automatic dialing system or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

34. As of the date of this complaint, the Defendant has not initiated a law suit in an effort to collect the Alleged Debt. Likewise, no final judgment regarding the Alleged Debt has been obtained by, or transferred to, the Defendant.

**COUNT ONE:
UNFAIR DEBT COLLECTION PRACTICE –
VIOLATION OF FLORIDA STATUTE §559.72(9)**

The Plaintiff re-alleges paragraphs one (1) through thirty-four (34) as if fully restated herein and further states as follows:

35. The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(9) by attempting to collect the Alleged Debt with knowledge that the Alleged

Debt is not legitimate or asserting the existence of the legal right to the Alleged Debt with the knowledge that the right does not exist.

36. Specifically, Plaintiff did not owe any debt to Defendant, and was advised the same. Still, Defendant called Plaintiff's cellular phone ten times in an attempt to collect an Alleged Debt the Defendant knew was owed by Herman Weber. Defendant was aware it did not have a legal right to collect the Alleged Debt from Plaintiff, as the Alleged Debt was not owed by Plaintiff.

37. Furthermore, Defendant knew it did not have the lawful ability to call Plaintiff's cellular phone using an automatic dialing systems or a pre-recorded voice, yet choose to do so anyway.

38. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute §559.77.

WHEREFORE, the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE §559.72(18)

The Plaintiff re-alleges paragraphs one (1) through thirty-four (34) as if fully restated herein and further states as follows:

39. The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(18) by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by counsel with regard to the underlying Alleged Debt.

40. Specifically, despite having actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Alleged Debt, Defendant continued to call the Plaintiff in an attempt to collect the Alleged Debt.

41. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE**, the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT THREE:
### FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. §1692c(a)(2)

The Plaintiff re-alleges paragraphs one (1) through thirty-four (34) as if fully restated herein and further states as follows:

42. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1692c(2) by communicating with Plaintiff despite Defendant having actual knowledge that Plaintiff was represented by Undersigned Counsel and knowledge of Undersigned Counsel's contact information.

43. Specifically, despite having actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Alleged Debt, Defendant continued to call the Plaintiff in an attempt to collect the Alleged Debt.

44. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692k.

**WHEREFORE**, the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. §1692e(11)

The Plaintiff re-alleges paragraphs one (1) through thirty-four (34) as if fully restated herein and further states as follows:

44. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1692e(11) by failing to initially disclose that the Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

45. The Defendant further failed in subsequent communications to disclose that the communication was from a debt collector.

46. These disclosure requirements apply to written as well as oral communications from debt collectors. See Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (U.S. Dist. 2006). See also Michael Belin v. Litton Loan Servicing, LP, filed July 14, 2006, 8:06-cv-760-T-24-EAJ.

47. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692k.

WHEREFORE, the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## TELEPHONE COMMUNICATIONS PROTECTION ACT- VIOLATION OF 47 U.S.C. 227(b)(1)(A)

The Plaintiff re-alleges paragraphs one (1) through thirty-four (34) as if fully restated herein and further states as follows:

48. The Defendant is subject to, and has violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-

recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

49. The ten phone calls made by the Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

50. As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered:

  a. The periodic loss of his cellular phone service;

  b. Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract;

  c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

  d. The expenditure of costs associated with entering into a new, duplicative contract for cellular telephone service, with a new telephone number, as a result of the repeated, unrelenting auto-dialed calls to Plaintiff's cellular telephone service.

  e. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing auto-dialed calls placed to collect the Alleged Debt in violation of the TCPA; and

  e. Treble statutory damages per each case.

**WHEREFORE**, the Plaintiff requests this Court enter a judgment against the Defendant for treble statutory damages, actual damages, costs, interest, including but not limited to, those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

Respectfully Submitted,

**LEAVENGOOD & NASH**

_____
Ian R. Leavengood, Esq., FBN 10167
Heather M. Fleming, Esq., FBN 25971
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
hfleming@leavenlaw.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                        )
COUNTY OF PINELLAS      )

Plaintiff ERIC STUEDEMAN, having first been duly sworn and upon oath, deposes and says as

follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ERIC STUEDEMAN

Subscribed and sworn to before me
this 10TH day of MAY, 2011.

_____
Notary Public

My Commission Expires:               Proof of I.D.: FLORIDA DL

K. M. BOORE
Notary Public - State of Florida
My Comm. Expires Apr 21, 2013
Commission # DD 882741
Bonded Through National Notary Assn.

P. 1

* * * COMMUNICATION RESULT REPORT ( NOV. 11. 2010  1:03PM ) * * *

FAX HEADER 1: SANDERS TITLE
FAX HEADER 2:

TRANSMITTED/STORED : NOV. 11. 2010 12:51PM

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| 8440 MEMORY TX | | Fax Server | OK | 2/2 |
| | | Fax Server | OK | 2/2 |
| | | Fax Server | OK | 2/2 |
| | | 12154413908 | E-3) 3) | 0/2 |
| | | 716 404 2116 | OK | 2/2 |

---

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL      E-2) BUSY
E-3) NO ANSWER                 E-4) NO FACSIMILE CONNECTION

Leavengood, Nash, Dauval & Boyle, P.A.   Tel: 727.327.3328
2003 First Avenue North                  Fax: 727.327.3305
St. Petersburg, FL 33713                 www.LeavenLaw.com



LEAVENGOOD & NASH
LEAVENGOOD, NASH, DAUVAL & BOYLE, P.A.
ATTORNEYS AT LAW

November 11, 2010

**VIA FAX ONLY:**
866-269-8669
866-884-6558
215-442-8318
215-441-3908
716-404-2116

NCO Financial
507 Prudential Road
Horsham, PA 19044



EXHIBIT A1

RE:   My Client:          Mr. Eric Stuedemann
      Original Creditor:  Unknown
      Reference Number:   Unknown ("Debt")
      Telephone Number:   727-320-7870

To The Above:

Please be advised that this law firm represents Eric Stuedemann with regard to the above listed Debt and any other accounts or debts which your agency is attempting to collect from Mr. Stuedemann. Any further direct communication with our client will be in violation of F.S.A. § 559.72(18) which provides in part that:

> "[I]n collecting consumer debts, no person shall communicate with the debtor if that person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of ... such attorney's name and address."

This letter shall serve as your organization's only written notice to immediately cease and desist contacting Mr. Stuedemann with respect to the collection or attempted collection of any debt, pursuant to the Florida Consumer Collection Practices Act and the federal Fair Debt Collection Practices Act. Specifically, there are to be absolutely no calls, letters, or other communications whatsoever from your agency by any collector, to Mr. Stuedemann.

Please also be advised that should any adverse information be placed against my client's credit report as a result of this notice, additional actions will be taken. Pursuant to F.S.A. § 559.72(6) and 15 U.S.C. § 1692e, Mr. Stuedemann disputes the validity and collectability of this Debt. We ask that you give this matter the attention it deserves and direct any and all inquiries to our office at the address listed above.

Leavengood, Nash, Dauval & Boyle, P.A.   Tel: 727.327.3328
2958 First Avenue North   Fax: 727.327.3305
St. Petersburg, FL 33713   www.LeavenLaw.com



**LEAVENGOOD, NASH, DAUVAL & BOYLE, P.A.**
**ATTORNEYS AT LAW**

November 11, 2010

**VIA FAX ONLY:**
866-269-8669
866-884-6558
215-442-8318
215-441-3908
716-404-2116

NCO Financial
507 Prudential Road
Horsham, PA 19044

RE:   My Client:        Mr. Eric Stuedemann
      Original Creditor:  Unknown
      Reference Number:   Unknown ("Debt")
      Telephone Number:   727-320-7870



EXHIBIT A2

To The Above:

Please be advised that this law firm represents Eric Stuedemann with regard to the above listed Debt and any other accounts or debts which your agency is attempting to collect from Mr. Stuedemann. Any further direct communication with our client will be in violation of F.S.A. § 559.72(18) which provides in part that:

> "[I]n collecting consumer debts, no person shall communicate with the debtor if that person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of ... such attorney's name and address."

This letter shall serve as your organization's only written notice to immediately cease and desist contacting Mr. Stuedemann with respect to the collection or attempted collection of any debt, pursuant to the Florida Consumer Collection Practices Act and the federal Fair Debt Collection Practices Act. Specifically, there are to be absolutely no calls, letters, or other communications whatsoever from your agency by any collector, to Mr. Stuedemann.

Please also be advised that should any adverse information be placed against my client's credit report as a result of this notice, additional actions will be taken. Pursuant to F.S.A. § 559.72(6) and 15 U.S.C. § 1692c, Mr. Stuedemann disputes the validity and collectability of this Debt. We ask that you give this matter the attention it deserves and direct any and all inquiries to our office at the address listed above.

Furthermore, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. 227 (b), ~~please cease and desist calling my client with regard to the Debt on his cellular telephone, phone~~ number 727-320-7870. To the extent any prior express consent to use an automatic dialing system or artificial or pre-recorded voice existed when calling my client's cellular telephone number, it is hereby unequivocally and forever withdrawn and terminated.

Finally, this letter serves as a demand to retain evidence to prevent spoliation with respect to any and all information in your agency's or employees' possession or control related to, concerning, or identifiable to the above listed account. No materials, records, documents, tapes, or other things related to their accounts should be destroyed, deleted, changed, defaced, or otherwise altered, and all measures should be immediately taken to preserve these items as evidence.

Thank you for your professional courtesies and please don't hesitate to contact me should you have any questions.

Sincerely,

LEAVENGOOD & NASH

*[signature]*

Katherine Meza Boore, Legal Assistant to

Ian R. Leavengood, Esq.

EXHIBIT A3

cc:   client, client file



**NCO Financial Systems, Inc.**

507 Prudential Road
Horsham, PA 19044
1-866-305-9426

Office Hours: 8:00 a.m. - 9:00 p.m. Monday through Thursday,
8:00 a.m. - 5:00 p.m. Friday, 8:00 a.m. - 12:00 noon Saturday

November 15, 2010

Leavengood, Nash, Dauval & Boyle, P.A.
c/o: Katherine Meza Boore
2958 First Avenue North
St. Petersburg, FL 33713

RE: Your Client: Eric Stuedemann

Dear Katherine Meza Boore:

Thank you for your recent communication. I can assure you that we are committed to assisting you; however, we have been unable to locate the matter you have referenced from the information we have been provided. Please provide any additional telephone numbers we may be calling. A copy of any correspondence your client may have received from us would be of assistance. Please provide a copy of your client's most recent credit bureau report displaying NCO's tradeline. Kindly contact me at the above address with this information.

Thank you for your anticipated cooperation regarding this request.

Very truly yours,

Janice Peters
Compliance Resolution Administrator



EXHIBIT B

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.